UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| STEVEN HAIRE | ) | Civil Action No.: 4:25-cv-00101-BJB |
| | ) | |
| PLAINTIFF | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ALLSTATE VEHICLE AND PROPERTY | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| DEFENDANT | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

\* \* \* \* \* \* \* \*

Comes now Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), by counsel, for its Answer to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1.    Allstate admits the allegations contained in numbered paragraph 1 of the Complaint for jurisdictional purposes only, otherwise denied.

**PARTIES**

2.    Allstate admits the allegations contained in numbered paragraph 2 of the Complaint for jurisdictional purposes only, otherwise denied.

3.    Allstate admits the allegations contained in numbered paragraph 3 of the Complaint for jurisdictional purposes only, otherwise denied.

4. Allstate admits the allegations contained in numbered paragraph 4 of the Complaint for jurisdictional purposes only, otherwise denied.

## GENERAL ALLEGATIONS

5. Allstate admits the allegations contained in numbered paragraph 5 of the Complaint.

6. Allstate admits the allegations contained in numbered paragraph 6 of the Complaint.

7. Allstate denies the allegations contained in numbered paragraph 7 of the Complaint.

8. Allstate denies the allegations contained in numbered paragraph 8 of the Complaint.

9. Allstate denies the allegations contained in numbered paragraph 9 of the Complaint.

10. Allstate admits the allegations contained in numbered paragraph 10 of the Complaint.

11. Allstate denies the allegations contained in numbered paragraph 11 of the Complaint.

12. Allstate denies the allegations contained in numbered paragraph 12 of the Complaint.

13. Allstate denies the allegations contained in numbered paragraph 13 of the Complaint.

## COUNT I: BREACH OF CONTRACT

14. Allstate incorporates all above paragraphs as if fully stated herein.

15. Allstate denies the allegations contained in numbered paragraph 15 of the Complaint.

16.     Allstate denies the allegations contained in numbered paragraph 16 of the Complaint.

17.     Allstate denies the allegations contained in numbered paragraph 17 of the Complaint.

18.     Allstate denies the allegations contained in numbered paragraph 18 of the Complaint.

19.     Allstate denies the allegations contained in numbered paragraph 19 of the Complaint.

20.     Allstate denies the allegations contained in numbered paragraph 20 of the Complaint.

21.     Allstate admits the allegations contained in numbered paragraph 21 of the Complaint.

## COUNT II: STATUTORY BAD FAITH

22.     Allstate incorporates all above paragraphs as if fully stated herein.

23.     Allstate admits the allegations contained in numbered paragraph 23 of the Complaint.

24.     Allstate denies the allegations contained in numbered paragraph 24 of the Complaint.

25.     Allstate denies the allegations contained in numbered paragraph 25 of the Complaint.

## COUNT III: COMMON LAW BAD FAITH

26.     Allstate incorporates all above paragraphs as if fully stated herein.

27.     Allstate denies the allegations contained in numbered paragraph 27 of the Complaint.

28.     Allstate denies the allegations contained in numbered paragraph 28 of the Complaint.

29.     Allstate denies the allegations contained in numbered paragraph 29 of the Complaint.

30.     Allstate denies the allegations contained in numbered paragraph 30 of the Complaint.

**COUNT IV: VIOLATION OF KRS 304.12-235**

31.     Allstate incorporates all above paragraphs as if fully stated herein.

32.     Allstate denies the allegations contained in numbered paragraph 31 of the Complaint.

33.     Allstate denies the allegations contained in numbered paragraph 32 of the Complaint.

34.     Allstate denies the allegations contained in numbered paragraph 33 of the Complaint.

35.     Allstate denies the allegations contained in numbered paragraph 34 of the Complaint.

36.     Allstate denies the allegations contained in numbered paragraph 35 of the Complaint.

37.     Allstate specifically denies any and all allegations not expressly admitted.

## FIRST DEFENSE

The Complaint fails to state a cause of action against Allstate upon which relief can be granted.

## SECOND DEFENSE

All claims that have or could have been asserted in this action are barred, fail and must be dismissed or proportionately reduced to the extent that Plaintiff failed to comply with all conditions subsequent and/or precedent to any/all applicable contract(s).

## THIRD DEFENSE

Allstate affirmatively states that the subject policy terms and conditions speak for themselves. Allstate relies upon the terms, provisions, and conditions contained in any applicable insurance policy to bar or reduce Plaintiff's claims in this matter, and all such terms, provisions and conditions of any applicable insurance policy are specifically reserved by Allstate.

## FOURTH DEFENSE

Subject to what discovery may reveal, Plaintiff failed to mitigate the damages, if any, and Allstate relies upon this failure as a partial and/or complete bar to recovery herein.

## FIFTH DEFENSE

Plaintiff did not sustain a loss as defined in the terms and conditions of the policy with Allstate.

## SIXTH DEFENSE

Allstate affirmatively states and alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not comply with the provisions of any and all applicable contracts or insurance policies with Allstate.

## EIGHTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of KRS 411.184 and the prohibition against excessive fines contained in the 8th Amendment to the United States Constitution, by the Due Process Clause of the 14th Amendment to the United States Constitution, as well as sections 2 and 14 of the Kentucky Constitution. The substantive proof of, and the procedures set out in Kentucky's punitive damages system, violate the Due Process Clause of the 14th Amendment of the United States Constitution and provisions of the Kentucky Constitution.

## NINTH DEFENSE

Allstate handled this claim in accordance with its policy provisions and applicable Kentucky law and the conduct of Allstate (or any agent or employee thereof) does not warrant imposition of punitive damages.

## TENTH DEFENSE

Investigation and discovery have only just begun in this action and Allstate reserves the right to assert any and all other appropriate defenses that may exist and which become known later, including, without limitation, any and all defenses listed in the Federal Rules of Civil Procedure and/or otherwise allowed by law, including, without limitation,  license, illegality, trespass, release, failure to join an indispensable party or parties, statute of limitations, and/or pursuant to the doctrines of laches, estoppel, acquiescence, waiver, unclean hands, or statutory and regulatory compliance. Furthermore, Allstate specifically reserves the right, pursuant to CR 15, to subsequently amend this pleading in order to assert or clarify, if necessary, the applicability of any

such defense or to add any other defenses, affirmative or otherwise, or counterclaims or cross-claims pertinent to this action.

WHEREFORE, Defendant, Allstate Vehicle and Property Insurance Company, respectfully demands as follows:

1.      That Plaintiff's Complaint be dismissed, with prejudice;

2.      That all relief requested by the Plaintiff be denied;

3.      For its costs herein expended, including reasonable attorney's fees; and

4.      For all proper relief to which it may be entitled.


Respectfully submitted,


/s/ Eric S. Rice
Eric S. Rice, Esq.
Daniel S. Gumm, Esq.
RICE GUMM, PLLC
12804 Townepark Way, Suite 200
Louisville, KY 40243
(502) 290-1075
Eric.rice@ricegummlaw.com
Daniel.gumm@ricegummlaw.com
*Counsel for Allstate*

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. It is further certified that a true copy hereof was emailed to the following:

Hans Pfaffenberger, Esq.
Denham Property and Injury Law Firm
250 W. Main Street, Suite 120
Lexington, KY 40507
hans@denham.law
*Counsel for Plaintiff*

         */s/  Eric S. Rice*
         Eric S. Rice, Esq.
